IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMISON L. SEMLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  03-cv-15-JPG |
| ) | |
| DONALD N. SNYDER, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Motion for Appointment of Counsel (Doc. 28), filed by the plaintiff, Jamison L. Semla, on February 7, 2005.  The Motion is **DENIED**.

There is no constitutional or statutory right to counsel by a civil litigant.  Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995).  Discretion, however, is granted to the Court by 28 U.S.C. § 1915(e)(1).  Under *Special Order No. 13, Order Amending Local Rule 1(f)*, as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent. In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the District Court "unless denial would result in fundamental unfairness impinging on due process rights" Id at 431.  The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful.  Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).

The threshold burden the litigant must meet is to make a reasonable attempt to secure

1

private counsel. Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a district court should consider in ruling on a request to appoint counsel. Those factors are (1)whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

Semla makes no showing that he attempted to retain counsel. As Semla has not met the threshold burden in Zarnes, his motion for appointment of counsel must be denied. However, even though Semla has not met the threshold burden established in Zarnes, this Court will address the five factors listed above.

Semla states that he is unable to investigate his case because of his incarceration. He alleges that he will be unable to identify, locate, and interview witnesses. He further states that his ability to investigate is also hampered by the fact that he has been transferred to a different institution. Semla also alleges that 7 religious books were seized by Lt. Jennings and never returned to him. He also alleges he received no redress through the prison grievance system. It does not appear to this Court that protracted or complicated investigation or numerous witnesses are necessary. The facts of this case are straight-forward and simple and concern only the actions of one individual. Therefore extended discovery is not required for the plaintiff to pursue his claim. Additionally, Semla does not state in his motion what precisely he needs to investigate or if he attempted to conduct an investigation before he was transferred and what

obstacles he encountered.

Semla next alleges that he is a pro se litigant, is indigent, and unable to afford proper counsel.  He asserts that his trial will involve conflicting testimony and appointment of counsel is necessary.  He further alleges that the facts of his case are complex.  This Court takes note of the fact that Semla has filed numerous pleadings with the Court which are well-written.  He has followed directions provided to him by notifying the clerk's office of his address change, properly completing and  returning USM-285 forms, and has responded to all documents filed by the defendants.  Semla's case in not particularly complex.

In sum, this case in not so complex to warrant the appointment of counsel.  Semla also has demonstrated an ability to make arguments and assert his claims.  Therefore the Motion for Appointment of Counsel (Doc. 28) must be **DENIED**.

**DATED: May 25, 2005.**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**