IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMISON L. SEMLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  03-cv-15-JPG |
| | ) | |
| DONALD N. SNYDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the Motion for Leave to File an Amended Verified Complaint, filed by plaintiff, Jamison L. Semla, on September 23, 2004 (Doc. 18), the Motion for Discovery filed by Semla on November 8, 2004 (Doc. 26) and the Motion for Extension of Time filed by the defendants, Donald N. Snyder, Guy D. Pierce, and Lt. Jennings, on February 10, 2005 (Doc. 30).  The Motion for Leave to File an Amended Verified Complaint is **TAKEN UNDER ADVISEMENT**, the Motion for Discovery is **DENIED WITHOUT PREJUDICE**, and the Motion for Extension of Time is **GRANTED**.

Background

On January 8, 2003, the plaintiff, Jamison L. Semla, an inmate at the Lawrence Correctional Center in Sumner, Illinois, filed a complaint alleging that the various defendants were interfering with the practice of his religion, Satanism.  He claims that on July 9, 2002, a defendant, Lt. Jennings, participated in a "shake down" of his cell and confiscated 7 publications related to Satanism.  Semla alleges that Jennings confiscated the material because it was "anti-Christian."  He further alleged that Director Donald N. Snyder and Chief Administrative Officer Guy D. Pierce were complicit because they are supervisors and are responsible for the

management of the jail.

On August 7, 2003, prior to the filing of a responsive pleading, Semla filed an "Amended Verified Complaint." (Doc. 3) On April 13, 2004, District Judge J. Phil Gilbert construed this document as a motion to amend the complaint and denied the motion for failure to comply with the local rules. After this matter was referred to Magistrate Judge Gerald B. Cohn, Semla filed a motion to amend the complaint on May 10, 2004 (Doc. 9). That document itself is not in the form of a motion, but rather is the amended complaint itself with changes underlined (thereby complying with Local Rule 15.1). Semla sought to amend his complaint to add requests for damages (to compensate him for prosecuting this action, costs, and other relief), to add a citation to the 14th Amendment, to delete a claim under the Religious Restoration Act, and to indicate that Director Snyder was replaced by Roger Walker, Jr., and that Chief Administrative Officer Guy Pierce was replaced by Jason Garnett. In all other respects, this proposed amended complaint (entitled motion to amend) appears to assert the same narrow claim that Jennings unlawfully confiscated 7 publications related to Satanism.

Magistrate Judge Cohn granted Semla leave to file his amended complaint but did not mandate a date by which such an amended complaint should have been filed (Doc. 15). Magistrate Judge Cohn also entered a scheduling order, on August 13, 2004, which set the discovery deadline, February 14, 2005, and the dispositive motion filing deadline, March 1, 2005. Then, on September 22, 2004, Magistrate Judge Cohn, after noting the Semla had failed to file his amended complaint, found that Semla had abandoned his attempt to amend the complaint and further ordered the defendants to answer the original complaint (Doc. 17). Thereafter, defendant Jennings filed an Answer (Doc. 20) and defendants Snyder and Pierce filed

a motion to dismiss (Doc. 21). The motion to dismiss is currently pending.

In the plaintiff's motion for discovery (Doc. 26), he seeks an order compelling the defendants to provide "complete and total production of documents," various regulations, the "common law record," documents from the grievance review committee located in Springfield, and other "notes" and "memos" "concerning this topic." In the defendants' motion for extension of time (Doc. 30), they seek an extension of the discovery and dispositive motion filing deadlines. The defendants indicated that they did not timely receive a couple of orders and that a number of motions remain pending. They seek an extension to take the deposition of Semla and also to file their motion for summary judgment. However, on May 2, 2005 the defendants filed a motion for summary judgment (Doc. 31) that includes an exhibit that is Semla's deposition, which was taken on March 14, 2005. Semla has responded to the motion for summary judgment on May 17, 2005. (Doc. 34) In addition, on September 23, 2004, Semla again sought to amend his complaint. In his motion Semla seeks to add two defendants: Leora Harry, who is a member of the Administrative Review Board, and Sharon McCorkle, who is the Chairperson of the Publication Review Board at the Lawrence Correctional Center. Selma seeks to sue them in their official and individual capacities.

Discussion

Motion for Discovery

In this motion, the plaintiff does not indicate when he served discovery requests on the defendants. He does not show when the defendants responded to any such discovery request nor does he provide copies of any such response or objections. This Court will not compel the defendants to respond to discovery requests that do not comply with the Federal Rules of Civil

Procedure. Prior to seeking a Court order, the plaintiff is required to first seek the discovery from the defendants themselves by using the procedures outlined in Federal Rule of Civil Procedure 34. There is no indication in the motion that the plaintiff has done this.

In addition, there are a number of problems with the documents that the plaintiff appears to be requesting. First, the defendants are not required to provide rules or regulations that the plaintiff can, himself, acquire through the prison law library. Second, it is unclear what "common law record" the plaintiff is referring to in request number 3. Third, his request for memos or handwritten notes regarding this "topic" also is vague and undefined. While the plaintiff is allowed to request documents that are relevant to his claim, this Court will not compel the defendants to provide documents that are irrelevant, that the plaintiff may acquire himself, or that are vaguely identified. Therefore, this motion is DENIED WITHOUT PREJUDICE.

The plaintiff is directed, in any future motion to compel, to specify which documents he requests, to whom the request in made (and when), and what response was made (and when). He is also required to indicate to the Court how the documents he requested are relevant to his narrow claim.

### Motion for Extension of Time

This motion is GRANTED. The Court notes, however, that the defendants have taken the plaintiff's deposition and filed their motion for summary judgment - both of which are hereby considered timely.

### May 10, 2004 Motion to Amend Complaint

Based on the docket in this case and the events outlined above, the only complaint that is currently pending before the Court is the original complaint filed on January 8, 2003. Since that

time, Semla sought to amend his complaint twice; and both times his request has been denied. However, with respect to his attempt to amend his complaint on May 10, 2004, it appears that Semla made the mistake of failing to alert the Court that the motion itself was the amended complaint and should have been docketed as such. This failure resulted in a Court order, dated September 22, 2004 (Doc. 17) that found that Semla had abandoned his attempt to amend the complaint.

Generally, this Court is bound by the law-of-the-case doctrine which limits the ability of the Court to reconsider matters that have already been considered by this Court. Native American Arts, Inc. v. Waldron Corporation, 399 F.3d 871, 873 (7th Cir. 2005); Tice v. American Airlines, Inc., 373 F.3d 851, 853 (7th Cir. 2004). This Court may, however, reconsider a prior ruling if it is "convinced that the prior decision is clearly erroneous." McMasters v. United States, 260 F.3d 814, 818 (7th Cir. 2001) (citations, internal grammatical marks, and quotation marks omitted). The decision to reconsider a prior ruling can vary from case to case; however, when this Court "has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it," a prior decision can be reexamined and reversed if necessary. Trustees of the Pension, Welfare, and Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Electric, 223 F.3d 459, 468 n.4 (7th Cir. 2000) (citation and quotation marks omitted).

In this case, the September 22, 2004 Order did not recognize that the plaintiff's "motion" to amend the complaint was in fact a copy of the amended complaint itself. Normally, a litigant would file a motion to amend, stating reasons why the complaint should be amended consistent with Federal Rule of Civil Procedure 15(a), wait for a ruling, and then file the amended

5

complaint pursuant to an order of this Court.  However, in this case, Semla filed his motion (albeit with no reasoning) and the amended complaint in one document.  While Semla was in error in proceeding in this manner, as Local Rule 7.1(a) requires motions to "state with particularity the grounds thereof, " such an error can be excused because of his *pro se* status.  Gree v. Board of Education of City of Chicago, Illinois, 267 F.3d 723, 727 (7th Cir. 2001) (stating that the "essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable" (citation omitted)); See also, United States v. Antonelli, 371 F.3d 360, 361 (7th Cir. 2004) ("When determining the character of a pro se filing, however, courts should look to the substance of the filing rather than its label.").  A liberal reading of Semla's May 10, 2004 motion should have alerted the Court that Semla had filed his amended complaint on that day.  As such, the September 22, 2004 order was in error in finding that Semla had "abandoned" his attempt to amend the complaint.

Therefore, in reconsidering this Court's September 22, 2004 order, this Court can only conclude that it was in error in failing to recognize the nature of Semla's May 10, 2004 filing.  The amended complaint should have been filed as of the date granting leave, July 16, 2004, and the defendant's should have answered that *amended* complaint, instead of the original complaint.  This Court is firmly convinced that there can be no prejudice to the defendants as the amended complaint does not materially affect Semla's basic complaint, that publications were unlawfully taken from his cell, and does not add other parties.  In addition, as there is no material change, the defendants' motion to dismiss (Doc. 21) applies equally to the amended complaint.  Therefore, the September 22, 2004 order is **VACATED IN PART** with respect to the conclusion

that the plaintiff had abandoned his attempt to amend the complaint.

September 23, 2004 Motion to Amend Complaint

The Court will reserve ruling on this motion to amend.  If Semla still wishes to amend his complaint to add Leora Harry and Sharon McCorkle, as defendants, he **SHALL** submit two separate documents: a <u>motion</u> requesting leave to file a second amended complaint and his proposed second <u>amended complaint</u>.  Semla shall state in his second amended complaint why he seeks to include Harry and McCorkle:  what specific allegations he intends to pursue against them, what he alleges they did and on what date.  A mere recitation of their names and job title is insufficient to amend the complaint.  Semla **SHALL** file his motion and second amended complaint by **June 17, 2005**.  Failure to submit the motion requesting leave to amend the complaint and the second amended complaint by June 17, 2005 will result in the denial of said motion and the case will proceed solely on the amended motion, filed on May 10, 2004.  The Court further reminds Semla to follow the Federal Rules of Civil Procedure and Local Rule 15.1. Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be freely given when justice so requires."   Local Rule 15.1 states:

> The original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that if may be filed *instanter* if the motion is granted.  <u>All new material in an amended pleading should be underlined</u>.  It is sufficient to simply underline the names of new parties the first place they appear in amended pleadings.  Similarly, when new claims or defenses are raised by amendment, it is sufficient that the number of the designated count or paragraph identifying the amendment be underlined.

SDIL-LR 15.1. (emphasis added).

Based on the foregoing, the Clerk is **DIRECTED** to docket the amended complaint by docketing Document 9 as the Amended Complaint and back dating it to July 16, 2004.  Lt.

Jennings **SHALL** file an answer to the July 16, 2004 Amended Complaint by **June 3, 2005**. Defendants Snyder and Pierce are not required to re-submit their Motion to Dismiss (which shall be construed to apply to the July 16, 2004 Amended Complaint). Semla **SHALL** file his motion for leave to file a second amended complaint, and the proposed second amended complaint, by **June 17, 2005**. The discovery deadline is extended to **August 31, 2005**. The Court suggests that the parties conduct any further discovery as expeditiously as possible. The defendants are **GRANTED** until **August 31, 2005** to file any supplement to their motion for summary judgment. The plaintiff is **GRANTED** until **September 19, 2005** to file any further response to the motion for summary judgment.

For the foregoing reasons, the Motion for Leave to File and Amended Verified Complaint is filed by the plaintiff, Jamison L. Semla on September 23, 2004 is **TAKEN UNDER ADVISEMENT** (Doc. 18), the Motion for Discovery filed by the plaintiff, Jamison L. Semla on November 8, 2004 is **DENIED WITHOUT PREJUDICE** (Doc. 26), and the Motion for Extension of Time filed by the defendants, Donald N. Snyder, Guy D. Pierce, and Lt. Jennings, on February 10, 2005 is **GRANTED** (Doc. 30).

**DATED: May 26, 2005.**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**